UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA LEWIS,<br><br>             Plaintiff,<br>  v.<br><br>GUARDIAN LOAN COMPANY, WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC., INDYMAC BANK FSB, BANK OF AMERICA, N.A., LASALLE NATIONAL BANK AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST 2004-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANA AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-1,<br><br>             Defendants. | Civil Action No.<br>3:19-CV-00704 (CSH)<br><br>AUGUST 14, 2019 |

### ORDER

**HAIGHT, Senior District Judge:**

In this *pro se* action purportedly brought under the Court's federal question jurisdiction, 28 U.S.C. § 1331, Plaintiff Cynthia Lewis seeks to forestall the foreclosure of real property she inhabits at 1020 Old Town Road, Trumbull, Connecticut. The Defendants are banking institutions who, at one time or another, were involved with the mortgage on that property in respect of which foreclosure is sought.

Plaintiff filed her Complaint on May 14, 2019, [Doc. 1]. Defendant Bank of America, N.A. ("Bank of America") moved under Federal Rule of Procedure 12(b) to dismiss the Complaint on June 28, 2019, [Doc. 8]. On August 2, 2019, Plaintiff filed an objection to that motion to dismiss,

1

[Doc. 12]. Also on August 2, 2019, Plaintiff filed a motion for leave to file an Amended Complaint in a form attached to the motion, [Doc. 13]. That motion lies under Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff requires leave of Court to file an Amended Complaint because her time to amend as a matter of course elapsed twenty-one days after service of Defendant Bank of America's Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B).

Defendant Bank of America's motion to dismiss Plaintiff's initial Complaint is currently undecided. Defendants' time to respond to Plaintiffs' motion for leave to file an Amended Complaint has not yet run.

On August 7, 2019, Plaintiff filed a motion for an Order to Show Cause seeking a Preliminary Injunction, [Doc. 15], which, if granted, would enjoin Defendants "from any further attempts to dispossess Plaintiff from her property" through "litigation of a fraudulent foreclosure action against the Plaintiff's primary residence." *Id.* at 1–2. There is no showing in these motion papers that an actual date for repossession of the property by Defendants and eviction of Plaintiff from it has been scheduled.

In these circumstances, I decline to set the case down for a preliminary injunction hearing until the two pending motions (to dismiss the initial Complaint and for leave to file an Amended Complaint) have been decided, thereby determining whether Plaintiff asserts a viable claim in this federal Court against any Defendant. If that question be answered in the negative, there would be no basis for injunctive or any other relief for Plaintiff in this action.

Defendants may wish to consider whether their sensible course is to voluntarily refrain from physical repossession of the property until those motions have been decided. If Defendants trigger the processes of immediate repossession, Plaintiff may ask the Court to reconsider some form of

preliminary relief. For the present, Plaintiff's Order to Show Cause, [Doc. 15-1 at 11–12], will not be signed.

It is SO ORDERED.

Dated: New Haven, Connecticut
August 14, 2019

       */s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge