UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA LEWIS,<br><br>    Plaintiff,<br>  v.<br><br>GUARDIAN LOAN COMPANY, WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC., INDYMAC BANK FSB, BANK OF AMERICA, N.A., LASALLE NATIONAL BANK AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST 2004-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANA AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-1,<br><br>    Defendants. | Civil Action No.<br>3:19-CV-00704 (CSH)<br><br>AUGUST 20, 2019 |

## ORDER OF DISMISSAL

**HAIGHT, Senior District Judge:**

Pending before the Court is Plaintiff's "Motion for Emergency Preliminary Injunction" [Doc. 21]. However, the Court is barred from considering such a motion because it lacks subject matter jurisdiction over this matter. In general, "[a] party seeking a preliminary injunction must ordinarily establish (1) 'irreparable harm'; (2) 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party'; and (3) 'that a preliminary injunction is in the public interest.'" *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638,

1

650 (2d Cir. 2015) (quoting *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011)). However, upon examination of the Complaint, the Court is unable to assume jurisdiction to consider this motion because the *Rooker-Feldman* doctrine bars her claims as a matter of law. *See, e.g.*, *Gentner v. Shulman*, 55 F.3d 87, 90 (2d Cir. 1995) (vacating district court's order denying preliminary injunction and remanding case with instructions to dismiss because "district court should have refused to assume jurisdiction under either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine").

A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction, *Gentner*, 55 F.3d at 89, so may be raised at any time by either party or *sua sponte* by the court, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir.1997). "Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Specifically, the *Rooker-Feldman* doctrine "directs federal courts to abstain from considering claims when . . . (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review [and rejection] of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

In the present case, as argued by Defendant Bank of America in its motion to dismiss [Doc. 8], Plaintiff's allegations are inextricably intertwined with the prior state court judgment of strict foreclosure, such that her federal claim would succeed only if the state court wrongly decided the

2

issues.[1] *See Wells Fargo Bank v. Lewis*, No. FBT-CV07-5006088-S (Conn. Super. Ct. 2006). Here, all four of the *Rooker-Feldman* factors are present. First, Plaintiff lost in the foreclosure action in the Connecticut Superior Court and strict foreclosure was entered against her. Second, Plaintiff alleges she has been injured by the Connecticut court's adjudication in the foreclosure action because each claim in her present Complaint relates to allegations that challenge the mortgage on 1020 Old Town Road, Trumbull, Connecticut, the assignments of that mortgage, and the securitization of the loan of $205,000 granted to Plaintiff and secured by the mortgage.[2] Third, the judgment of strict foreclosure entered in state court on April 3, 2018, predates this action. Fourth, allowing Plaintiff to proceed with this action would require the Court to re-adjudicate issues already litigated and resolved in Connecticut Superior Court (*e.g.*, the note and mortgage are valid and enforceable, the Plaintiff defaulted, and the Bank has standing to foreclose and is entitled to judgment of strict foreclosure).

Plaintiff's response to refute application of the *Rooker-Feldman* doctrine is the conclusory

---

[1] Public records reflect that a judgment of strict foreclosure was entered in *Wells Fargo Bank v. Lewis*, No. FBT-CV07-5006088-S, on April 3, 2018, by Judge Hartmere and then modified and re-entered on May 14, 2019, by Judge Bruno. Plaintiff commenced the present action immediately thereafter on May 14, 2019.

Plaintiff had previously filed a notice of removal to federal district court on March 8, 2019. However, District Judge Shea remanded to state court on March 13, 2019, having found that Plaintiff had improperly attempted to remove the foreclosure action to federal court because there was no federal subject matter jurisdiction. Case No. 3:19-CV-341 (MPS), Doc. 13 ("[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[2] In addition, Plaintiff pleads numerous injuries related to the outcome of the state action, including, *inter alia*, "actual damages" and "emotional distress." Doc. 1 (Complaint), at 45.

allegation that the final judgment in the foreclosure proceeding was "procured by extrinsic fraud upon the Court." Doc. 12, ¶ 3. She also asserts that Defendant Bank of America's counsel's "attempts to invoke . . [this] affirmative defense . . . for claim preclusion purposes [are] scandalous." *Id.*, ¶ 4. Lastly, she deems the state court judgment to be "extraneous and inconsequential to this case." *Id.*[3] None of these statements, however, provides grounds to escape application of the *Rooker-Feldman* doctrine. The Second Circuit has held that "[w]here a party asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [that party's] claim." *Vossbrinck*, 773 F.3d at 427. *See also Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 513 (D. Conn. 2015) ("Even where a plaintiff alleges that a state court judgment was procured by fraud, *Rooker-Feldman* will divest the federal court of jurisdiction.") (collecting cases)), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016).

---

[3] In any event, it is well settled that a plaintiff may not rely on a legal theory not raised in state court to escape the *Rooker-Feldman* bar. *See, e.g., Pharr v. Evergreen Garden, Inc.*, 123 F. App'x 420, 423 *n.*2 (2d Cir. 2005). "[T]he applicability of the *Rooker-Feldman* doctrine turns not on the similarity between a party's state-court and federal-court claims . . . but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007), *cert. denied*, 552 U.S. 1179 (2008).

Plaintiff has brought this action in district court by asserting claims such as violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO), 18 U.S.C. § 1962, *et seq.*; Connecticut's RICO Act, Conn. Gen. Stat. § 53-395, *et seq.*; Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110, *et seq.*; the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, *et seq.*; and the Fair Credit Reporting Act ("FCRA), 15 U.S.C. § 1681a, *et seq.* She also brings state law claims for fraudulent concealment and unjust enrichment. However, it is well settled that a federal plaintiff may not escape application of the *Rooker-Feldman* bar by relying on legal theories not raised in state court. *Pharr,* 123 F.App'x at 423 *n.*2. Each claim is a collateral attack upon the state judgment of strict foreclosure in that each claim is "integrally connected with matters decided" in state court and "implicates the essence of the issue adjudicated by the state court." *Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 166-67 (S.D.N.Y. 2002). *See also n.5, infra*, regarding claim preclusion.

Furthermore, "[i]n the particular context of state court judgments of foreclosure, 'Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.'" *Gonzalez*, 74 F. Supp. 3d at 514 (quoting *Gunn v. Ambac Assur. Corp.*, No. 11 Civ. 5497(PAC)(JLC), 2012 WL 2401649, at *12 (S.D.N.Y. June 26, 2012) (collecting cases)).

Upon review of the record in this case, the *Rooker-Feldman* doctrine bars Plaintiff's action in this Court. Accordingly, this Court lacks subject matter jurisdiction to resolve Plaintiff's requests for relief, including her "Emergency Motion" [Doc. 21].[4] The Court must dismiss Plaintiff's action in total. *See* Fed.R.Civ.P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See also Gentner*, 55 F.3d 88 (remanding case for dismissal due to *Rooker-Feldman* bar).

Alternatively, to the extent Plaintiff's complaint can be liberally construed to allege injury stemming from the same transaction but not directly caused by the foreclosure judgment – *i.e.*, so that her claims are not all barred by *Rooker–Feldman* – these claims would still be subject to dismissal on the ground of claim preclusion. *See Gonzalez*, 632 F. App'x at 34. *See also Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107-08 (2d Cir. 2015) ("Under *claim preclusion*, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not.")

---

[4] The Court takes judicial notice that Plaintiff filed a parallel "Motion For Stay" with respect to foreclosure in the state court action on the same date she filed her "Emergency Motion" with this Court, August 19, 2019. *See Wells Fargo*, No. FBT-CV07-5006088-S, at Doc. 241.

(emphasis in original; citations and internal quotation marks omitted); *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (stating that, under Connecticut law, "[c]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made") (internal quotation marks omitted)). Plaintiff had a full and fair opportunity to litigate her claims in *Wells Fargo Bank v. Lewis*, No. FBT-CV07-5006088-S (Conn. Super. Ct. 2006). Therefore, to the extent the claims are not barred by *Rooker-Feldman*, they must nevertheless be dismissed as precluded.[5]

Plaintiff's Complaint is DISMISSED. The Clerk is directed to terminate all pending motions and close the file.

    Signed: New Haven, Connecticut
          August 20, 2019

                                                */s/Charles S. Haight, Jr.*
                                                CHARLES S. HAIGHT, JR.
                                                Senior United States District Judge

---

[5] The Court notes that Plaintiff has requested to amend her Complaint but only to add two claims which also collaterally attack the foreclosure of her mortgage. *See* Doc. 13, at 2 (seeking to add "the material alteration of Plaintiff's Note into a Stock-like Bond governed under Article 8 of the Uniform Commercial Code, and the failure to provide any substantive value in exchange for the Promissory Note in violation of U.C.C. § 9-203 and the Unfair Trade Practices Act (UTPA)"). Such amendment would thus be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), providing the Court with no basis for subject matter jurisdiction under *Rooker-Feldman*. Moreover, these claims would, in any event, be precluded as claims that might have been raised in her state court action but were not, *Marcel Fashions*, 779 F.3d at 107.