UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA LEWIS,<br><br>    Plaintiff,<br> v.<br><br>GUARDIAN LOAN COMPANY, WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, INC., INDYMAC BANK FSB, BANK OF AMERICA, N.A., LASALLE NATIONAL BANK AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST 2004-1, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANA AS TRUSTEE FOR WELLS FARGO HOME EQUITY TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-1,<br><br>    Defendants. | Civil Action No.<br>3:19-cv-704 (CSH)<br><br>OCTOBER 28, 2019 |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

Plaintiff Cynthia Lewis brought a *pro se* action, purportedly under the Court's federal question jurisdiction, 28 U.S.C. § 1331, in which she sought to forestall the foreclosure of real property she inhabits at 1020 Old Town Road, Trumbull, Connecticut. Doc. 1. The Defendants are banking institutions who, at one time or another, were involved with the mortgage on that property in respect of which foreclosure is sought. *Id.*

Thereafter, Plaintiff Cynthia Lewis filed a "Motion for Emergency Preliminary Injunction" asking the Court to reconsider some form of relief enjoining Defendants from any further attempts to dispossess Plaintiff from her property using an allegedly fraudulently conveyed mortgage contract. Doc. 21.

1

This Court issued a ruling (the "Order of Dismissal"), dismissing the case. *See Lewis v. Guardian Loan Co.*, No. 19-cv-704 (CSH), 2019 WL 3938150, at *3 (D. Conn. Aug. 20, 2019). In the Order of Dismissal, the Court concluded that it was unable to assume jurisdiction to consider Plaintiff's motion because the *Rooker-Feldman* doctrine barred her claims as a matter of law; and, accordingly, the Court lacked subject matter jurisdiction to resolve Plaintiff's requests for relief. *See id.* at *2.

Plaintiff has now filed a motion for reconsideration. Doc. 23 ("Reconsideration Motion"). The Court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the arguments raised in Plaintiff's Reconsideration Motion.

## I.   STANDARD OF REVIEW

Regarding motions for reconsideration, this District's Local Rules state that:

> Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

D. Conn. L. Civ. R. 7(c).

The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotation marks omitted). This standard is "strict," and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id*.

With respect to *pro se* litigants, it is well established that "*[p]ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006).

## II.  DISCUSSION

Plaintiff appears to make three overarching arguments for reconsideration.  First, that her causes of action are not inextricably intertwined with the state foreclosure action and that this Court possesses subject matter jurisdiction over her case.  Doc. 43 ¶¶ 6, c, g–h.  Second, and relatedly, that the Court should have reached the merits of Plaintiff's lawsuit (*i.e.*, that Plaintiff's mortgage was procured by fraud).  *Id.* ¶¶ a–b, d.  Lastly, Plaintiff argues that Defendants perpetrated fraud upon the court in connection with the state court judgment.  *Id.* ¶¶ d–f.  For the reasons that follow, the Court concludes that Plaintiff's claims seeking reconsideration lack merit and the Court will not modify its ruling dismissing Plaintiff's action.

### A.  Subject Matter Jurisdiction

As noted above, Plaintiff first claims that her causes of action are not inextricably intertwined with the foreclosure action in state court.  *Id.* ¶ 6.  Likewise, Plaintiff argues that this Court maintains subject matter jurisdiction over her case.  *Id.* ¶¶ c, g–h.  However, these arguments appear to be an attempt to relitigate the Court's prior conclusions.

"It is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Cope v. Wal-Mart Stores E., LP*, No. 15-cv-01523 (CSH), 2017 WL 4542045, at *1 (D. Conn. Oct. 11, 2017) (citations and internal quotation marks omitted). Furthermore, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff's arguments appear to be just that—an attempt to relitigate the Court's prior conclusion that "the *Rooker-Feldman* doctrine bars Plaintiff's action in this Court." *Lewis*, 2019 WL 3938150, at *2. In particular, in the Order of Dismissal, the Court first explained the four factors that courts consider when analyzing the applicability of the *Rooker-Feldman* doctrine. *See id*. (quoting *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010)). The Court then explained that all four *Rooker-Feldman* factors were present in Plaintiff's case. *See id.* For example, the Court discussed how: (1) Plaintiff lost in the foreclosure action in the Connecticut Superior Court and strict foreclosure was entered against her; (2) that Plaintiff alleged that she had been injured by the Connecticut court's adjudication in the foreclosure action; (3) that the judgment of strict foreclosure entered in state court predated this action; and (4) that allowing Plaintiff to proceed would have required the Court to re-adjudicate issues already litigated and resolved in Connecticut Superior Court. *See id.* The Court then explained that for those reasons, the *Rooker-Feldman* doctrine barred Plaintiff's action in this Court. *See id*. As the Order of Dismissal stated: "Plaintiff's allegations are inextricably intertwined with the prior state court judgment of strict foreclosure, such that her federal claim would succeed only if the state court wrongly decided the issues." *Id.* at *1.

Plaintiff in her Motion for Reconsideration does not point to any "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (citation and internal quotation marks omitted). Plaintiff does not point to any error committed by this Court, either. Doc 23. Nor does Plaintiff present any new facts or evidence, or any other reason that justifies Plaintiff's requested relief. *Id.*

Rather, Plaintiff makes conclusory allegations that her causes of action are not inextricably intertwined with the foreclosure action—and, that the Court possesses subject matter jurisdiction over Plaintiff's case—in an attempt to relitigate issues already decided. *See Shrader*, 70 F.3d at 257.[1] Those previously-resolved contentions, are not, without more, grounds to modify the Order of Dismissal. *See id.*; *see also, e.g., Ford v. U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) (affirming the district court's dismissal of the plaintiff's lawsuit—which alleged fraud with respect to a foreclosure judgment—because it was barred by

---

[1] Plaintiff's citations are inapposite. Plaintiff cites to *Osborn v. Bank of United States*, 22 U.S. 326 (1824), for the proposition that the United States Constitution "allows federal courts to hear any case in which there is a federal ingredient." Doc 23 ¶ c, g. While it is true that federal question jurisdiction, as articulated in *Osborn*, "was originally very broad. . . . [l]ater, as a result of a statutory enactment, access to a federal forum was restricted. . . . [and Section 5 of the Judiciary Act of 1875] directed a federal court to dismiss or remand a suit if it appeared at any time that such suit does not really and substantially involve a dispute or controversy properly within [its] jurisdiction." *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987) (citations omitted). In any event, *Osborn* does not provide Plaintiff's argument with support because it does not address the applicability of the *Rooker-Feldman* doctrine. Additionally, FED. R. CIV. P. 17(b), which Plaintiff also references, "establishes the guidelines for determining who has the capacity to sue or to be sued"—it does not address subject matter jurisdiction. 6A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1541 (3d ed. 1998). Lastly, Plaintiff cites to a case in this Court, *Xilin Jordan v. Metro-North Commuter Railroad Company*, with case number 13-cv-749 (JBA). But, after reviewing that case's docket, it is unclear which docket entry Plaintiff intends to cite, or the legal proposition associated with such citation. Nor is any ground discernible for departing from this Court's prior ruling in this case.

*Rooker-Feldman*: the plaintiff's claims were "inextricably intertwined with the state court's underlying foreclosure judgment" and the plaintiff "availed himself of all avenues of relief in state court, with the state court ruling against him in every instance" (citing *Phifer v. City of New York.*, 289 F.3d 49, 55 (2d Cir. 2002)). In sum, Plaintiff has not presented anything that would persuade this Court to depart from its prior analysis.[2]

    **B.**   **Merits of Plaintiff's Case**

Plaintiff next seeks to argue the merits of her case—and Plaintiff again requests that the Court reach the merits, too. According to Plaintiff, her complaint "show[s] a likelihood of success on the merits . . . which establishes [her] claims to be entitled to . . . relief." Doc. 43 ¶ a. Plaintiff further claims that this Court's Order of Dismissal "does not address the question of whether the judgments rendered in the State Court is [v]oid as a matter of law" and that it did not "reach a determination of . . . the merits of Plaintiff's claims." *Id.* ¶ b. Plaintiff then proceeds to the merits of her case, contending that she submitted a *prima facie* case that Defendants "do not have a right to enforce a [m]ortgage contract that was induced by fraud." *Id.* ¶ d.

The Court previously addressed this. The Court explained that it could not reach the merits of Plaintiff's case because the Court lacked subject matter jurisdiction to resolve Plaintiff's requests for relief. *See Lewis*, 2019 WL 3938150, at *2. Alternatively, the Court explained that "to the extent Plaintiff's complaint can be liberally construed to allege injury

---

[2] Plaintiff appears to argue, in the alternative, that this Court has subject matter jurisdiction "because the issues raised [in the present action] are not and were not related to that State Court action and none of those issues were raised in the course of the State Court action for the state Court to rule upon." Doc. 43 ¶ 6. Construing Plaintiff's brief liberally, it appears that Plaintiff is arguing that she did not previously raise in state court her current argument that the state court judgment was procured by fraud. *Id.* ¶ c. But, as discussed *infra* Section II.C, the Court previously addressed this argument; and, for the reasons stated below, this argument does not persuade the Court that it has subject matter jurisdiction over Plaintiff's case.

stemming from the same transaction but not directly caused by the foreclosure judgment—*i.e.*, so that her claims are not all barred by *Rooker–Feldman*—these claims would still be subject to dismissal on the ground of claim preclusion." *Lewis*, 2019 WL 3938150, at *3. The Court cited to *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, for the proposition that the doctrine of claim preclusion "precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." 779 F.3d 102, 107–08 (2d Cir. 2015). The Court also cited to *O'Connor v. Pierson* for a similar proposition—*i.e.*, that under Connecticut law, "[c]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." 568 F.3d 64, 69 (2d Cir. 2009). The Court then noted that Plaintiff had a "full and fair opportunity to litigate her claims" in her Connecticut state court action, and that to the extent her claims were not barred by *Rooker-Feldman*, they must nevertheless be dismissed under the doctrine of claim preclusion. *Lewis*, 2019 WL 3938150, at *3.

The Court's analysis in the Order of Dismissal applies with equal force to Plaintiff's arguments in the instant motion. For the reasons stated previously, this Court will not address the merits of Plaintiff's case because it lacks subject matter jurisdiction to resolve Plaintiff's requests for relief pursuant to the *Rooker–Feldman* doctrine. *See id.* Alternatively, to the extent that Plaintiff's complaint can be liberally construed to allege injury stemming from the same transaction but not directly caused by the foreclosure judgment, those claims would still be subject to dismissal—and the Court will not reach the merits of those claims, either—on the ground of claim preclusion. *See id.* Plaintiff has not submitted any law to the contrary and she

has not identified any errors in the Order of Dismissal. There is no reason, therefore, to disturb the Court's prior Order of Dismissal on this basis.

### C. Fraud Upon the Court

Lastly, Plaintiff once again argues that Defendants "participated or contributed in perpetrated fraud upon the Court in order to procure a judgment" in the foreclosure proceeding. Doc. 43 ¶ e; *see also id.* ¶ f. This is an additional attempt to relitigate issues that the Court resolved in the Order of Dismissal. Previously, the Court concluded that Plaintiff's allegations of fraud upon the court did not overcome the Court's conclusion that *Rooker-Feldman* barred the case. The Court recounted Second Circuit precedent holding that, "[w]here a party asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [that party's] claim." *Lewis*, 2019 WL 3938150, at *2 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014)). The Order of Dismissal also noted that in the context of state court judgments of foreclosure, "any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Id.* (quoting *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 514 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016)).

Nonetheless, Plaintiff once again raises conclusory allegations regarding fraud upon the Court—that "Defendant(s) . . . have participated or contributed in perpetrated fraud upon the Court in order to procure a judgment that, for all intents and purposes, have violated Plaintiff's Civil Rights." Doc. 43 ¶ e. Plaintiff is merely seeking to relitigate an issue already resolved in the Order of Dismissal, and she does not provide any relevant or controlling law that the Court

overlooked or identify any errors with the Court's prior analysis.[3] *See Van Buskirk*, 935 F.3d at 54. For the reasons stated above as well as in the Order of Dismissal, Plaintiff's claims fail to "provide[] grounds to escape application of the *Rooker-Feldman* doctrine." *Id.*

### III.   CONCLUSION

For the reasons discussed herein and in the Order of Dismissal, Plaintiff's Motion for Reconsideration [Doc. 23] is DENIED. The Court adheres to its prior Order of Dismissal, which dismissed Plaintiff's complaint. *See Lewis*, 2019 WL 3938150, at *3.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        October 28, 2019.

>                            */s/ Charles S. Haight, Jr.*
>                            CHARLES S. HAIGHT, JR.
>                            Senior United States District Judge

---

[3] Plaintiff's citation to *Outen v. Baltimore Cty., Md.* is unavailing. 177 F.R.D. 346, 349 (D. Md.), *aff'd sub nom. Outen v. Baltimore Cty.*, 164 F.3d 625 (4th Cir. 1998). In that case, the court ruled that the type of alleged fraud—"that Defendants presented either perjured testimony or fabricated evidence"—"neither will support a finding of fraud on the court absent a showing that Defendants' attorneys or another court official knowingly participated in presenting such testimony." *Id.* The case does not, in and of itself, support Plaintiff's argument that Defendants committed fraud upon the court. And, beyond quoting legal standards from the case, Plaintiff has not articulated why this Court should reach a different result than the *Outen* court. Nor does the case present an area of the law that the Court overlooked in connection with its Order of Dismissal.